IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Yellow Social Interactive Limited, | : |
| Plaintiff, | : |
| v. | : C.A. No. _____ |
| Ashley Edwards, | : |
| Defendant. | : |

# COMPLAINT

Plaintiff Yellow Social Interactive Limited ("YSI" or "Plaintiff"), by its undersigned counsel, respectfully alleges the following against Defendant Ashley Edwards ("Edwards" or "Defendant"):

## NATURE OF THE ACTION

1. As set forth in more detail in this Complaint, Edwards filed a Demand for Arbitration with the American Arbitration Association ("AAA") on or about December 16, 2022, against YSI seeking, among other things, to recover all money received by YSI on its online gaming platform (www.pulsz.com) from other Georgia residents who have not sought recovery of their own losses for the six months prior to December 16, 2022 under the Georgia's Gambling Contracts law, O.C.G.A. § 13-8-3.

2. As part of YSI's Terms and Conditions, under the Dispute Resolution and Agreement to Arbitrate all Disputes to which Defendant agreed, Defendant agreed to waive the right to "commence against [YSI] a class action, class arbitration, mass action or other representative action or proceeding."

3. Through Edwards' improper Demand for Arbitration which seeks relief from YSI in a representative capacity, Edwards is in violation of the agreement between the parties.

4. YSI has previously requested Defendant to withdraw the representative claims based upon the alleged losses of other persons, and Defendant has refused to do so.

5. YSI is thus forced to initiate this Action to seek: (1) a declaratory judgment that Edwards cannot proceed in a representative action against YSI in arbitration and may only proceed in arbitration as to Edwards' own individual claims; and (2) an order requiring that Edwards specifically perform with Edwards' obligations under the TOU and bring only an individual claim in arbitration.

## PARTIES

6. YSI is a foreign company incorporated and existing under the laws of Gibraltar, with headquarters and registered office located at 2 Irish Town Gibraltar, GX11 1A, Gibraltar.

7. Edwards is a natural person and a citizen of the state of Georgia, residing in Cobb County, Georgia.

## JURISDICTION AND VENUE

8. This matter arises from the parties' dispute over whether Edwards, a customer of YSI, is entitled to assert a claim for damages in arbitration based upon amounts allegedly lost by other persons playing YSI's online games.

9. Under 9 U.S. Code § 4, a party aggrieved by the refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

10. This Court has subject matter jurisdiction of this Action under 28 U.S.C. § 1332(a)(2), as this action is a suit between a citizen or subject of State and a citizen or subject of a foreign state and the amount in controversy exceeds $75,000.00.

11. YSI is a citizen or subject of a foreign state, Gibraltar.

12. Edwards is domiciled in Georgia, or another State of the United States.

13. In addition, the amount which Edwards seeks to recover based upon the alleged losses of other persons exceeds $75,000, as the amount spent by others playing games operated by YSI from December 16, 2018 through June 18, 2022 (the time period Edwards claims is at issue in his claim in arbitration) exceeds $75,000.00.

14. Venue is proper in this Court as the parties agreed in the Terms of Use that Delaware law applies to Defendant's access and use of the Services as well as the Terms of Use, the parties agreed that their disputes would be subject to the exclusive jurisdiction of state or federal courts in the State of Delaware submitted exclusively to the courts of the State of Delaware, and mutually consented to personal jurisdiction and venue of this Court.

## FACTUAL BACKGROUND

**A. YSI's Online Gaming Platform Pulsz.com**

15. YSI operates the URL Pulsz.com ("Pulsz").

16. Pulsz offers users the ability to play games online. While some of the Pulsz games may bear resemblance to casino-based games of chance, the Pulsz games at issue do not offer real money gambling opportunities. No actual money is required to play and the service does not constitute gambling under the laws of the state of Georgia.

17. Edwards is a Georgia resident and former user of Pulsz. Between June 20, 2022 and December 29, 2022, Edwards accessed Pulsz.com and occasionally played Pulsz games.

**B. Edwards Agreed to the Pulsz Terms of Use**

18. On or about June 20, 2022, Edwards created a user Account and accepted YSI's General Terms and Conditions in effect at the time (Version 3.1 effective March 2022) for using YSI's games and service via a standard click-wrap type procedure.

19. On October 13, 2022, YSI amended its General Terms and Conditions, replacing that user agreement in its entirety with the YSI Terms of Use, Version 3.2, effective October 13, 2022 ("TOU"). A true and correct copy of the TOU is attached hereto as Exhibit A

20. Edwards' account remained active until terminated on January 9, 2023, such that the TOU applied.

**C. As Part of the TOU, Edwards Agreed to Arbitrate All Disputes Between Edwards' and YSI on an Individual Basis**

21. The TOU at the outset prominently states:

**PLEASE NOTE THAT THESE TERMS OF USE INCLUDE A MANDATORY ARBITRATION PROVISION WHICH REQUIRES THAT ANY PAST, PENDING, OR FUTURE DISPUTES BETWEEN YOU AND US SHALL BE RESOLVED BY FINAL AND BINDING ARBITRATION <u>ON AN INDIVIDUAL AND NOT A CLASS-WIDE OR CONSOLIDATED BASIS</u>. IF YOU DO NOT WISH TO BE SUBJECT TO ARBITRATION ON A RETROACTIVE BASIS AND AS TO ANY FUTURE CLAIMS AND YOU HAVE NOT PREVIOUSLY AGREED TO AN ARBITRATION PROVISION IN CONNECTION WITH YOUR USE OF OUR SERVICE, YOU MAY OPT OUT OF THE ARBITRATION PROVISION WITHIN THIRTY (30) DAYS BY FOLLOWING THE INSTRUCTIONS PROVIDED AT THE END OF THE SECTION TITLED "BINDING ARBITRATION AND CLASS WAIVER." <u>SEE SECTION 16 OF THESE TERMS, BELOW.</u>**

(Ex. A, pg. 1, underlines added).

22. Edwards did not exercise opt-out rights.

23. In accepting the TOU, Edwards was further informed and agreed that any disputes between herself and YSI shall be resolved in arbitration on an individual basis, and not a class-wide, consolidated, or representative basis.

24. The TOU at section 16 provide:

**16. Dispute resolution and Agreement to Arbitrate all Disputes**

**16.1. Binding Arbitration and Class Waiver.**

**PLEASE READ THESE "BINDING ARBITRATION" AND "CLASS WAIVER" PROVISIONS CAREFULLY, BECAUSE THEY REQUIRE YOU TO ARBITRATE ALL DISPUTES WITH PULSZ AND LIMIT THE MANNER IN WHICH YOU CAN SEEK RELIEF. THIS PROVISION APPLIES TO ANY CLAIMS YOU MAY CURRENTLY POSSESS AND ANY CLAIMS YOU MAY RAISE IN THE FUTURE. WHILE YOU MUST AGREE TO THESE TERMS OF USE IN ORDER TO USE THE SERVICES, IF YOU HAVE NOT PREVIOUSLY AGREED TO AN ARBITRATION PROVISION IN CONNECTION WITH YOUR USE OF OUR SERVICE, THERE IS AN OPTION, DESCRIBED BELOW, TO OPT OUT OF THE ARBITRATION AND CLASS WAIVER PROVISIONS. THE OPTION TO OPT-OUT IS TIME-LIMITED TO THIRTY (30) DAYS AND REQUIRES YOUR IMMEDIATE ATTENTION. THESE PROVISIONS GENERALLY PRECLUDE YOU FROM BRINGING <u>ANY CLASS, COLLECTIVE, OR REPRESENTATIVE ACTION</u> AGAINST PULSZ. THEY ALSO PRECLUDE YOU FROM PARTICIPATING IN OR <u>RECOVERING RELIEF UNDER ANY</u> PAST, PENDING, OR FUTURE <u>CLASS, COLLECTIVE, OR REPRESENTATIVE ACTION</u> AGAINST PULSZ BY SOMEONE ELSE. ARBITRATION PRECLUDES YOU FROM SUING IN COURT OR FROM HAVING A JURY TRIAL.**

\*     \*     \*

The parties acknowledge that the agreement in this Section to arbitrate any Disputes <u>on an individual and case-by-case basis</u> is a separate agreement for purposes of the Federal Arbitration Act in addition to the Terms. The alleged invalidity of the Terms of Use shall have no effect upon the validity of our mutual agreement to arbitrate any Disputes under this Section. In addition, If any portion of this section entitled "Dispute resolution and Agreement to Arbitrate all Disputes" is determined by a court to be inapplicable or invalid, then the remainder shall still be given full force and effect consistent with Section 18.5 of these Terms.

**Waiver of Class Relief.** Whether the dispute is heard in arbitration or in court, you agree that you and Pulsz will not commence against the other <u>a class action, class arbitration, mass action or other representative action or proceeding</u>, and shall not otherwise participate in such actions. You and Pulsz are each waiving respective rights to participate in a class action. <u>By accepting this agreement, you give up your right to participate in any past, pending or future class action or any</u>

other consolidated or representative proceeding, including any existing as of the date of you agreed to these terms of use.

*     *     *

(Ex. A, § 16, underlines added).

Section 19.2 of the TOU states:

19.2. Subject to the arbitration previsions contained in Section 16 the parties agree that any dispute, controversy, or claim arising out of or in connection with these Terms, or the breach, termination or invalidity of these Terms, will be submitted exclusively to the courts in Delaware, and You and we consent to the venue and personal jurisdiction of those courts. **Notwithstanding the foregoing, any motion to compel arbitration or to enforce an arbitral award issued hereunder may be brought before any court of competent jurisdiction.**

(Ex. A, § 19.2, emphasis added).

**D. Edwards' Demand for Arbitration**

25. On December 16, 2022, Edwards filed a Demand for Arbitration ("Demand") with the American Arbitration Association ("AAA") asserting a claim under Georgia's Gambling Contracts law, O.C.G.A. § 13-8-3(b).[1]

26. In Edwards' Demand, Edwards asserted both individual and representative claims. First, Edwards brought an individual claim, alleging that Edwards lost money on Pulsz games and demanding recovery of all Edwards' alleged losses during the six months preceding

---

[1] The parties agreed further in the TOU that proceedings in arbitration were subject to confidentiality provision: "**Confidentiality.** You and Pulsz shall maintain the confidential nature of the arbitration proceedings and the arbitration award, including the arbitration hearing, except as may be necessary to prepare for or conduct the arbitration hearing on the merits, or except as may be necessary in connection with a court application for a preliminary remedy, a judicial challenge to an award or its enforcement, or unless otherwise required by law or judicial decision." Accordingly, the arbitral pleadings are not attached to this Complaint, and will be provided under a subsequent Protective Order or as otherwise agreed by the parties concerning confidentiality.

the filing of the claim on the theory that the games are unlawful gambling under O.C.G.A. § 13-8-3(b).[2]

27. Second, in addition to claims brought on Edwards' own behalf, Edwards brought claims in a representative capacity, alleging that Edwards is entitled to assert claims based on amounts *other persons* allegedly lost gambling on Pulsz games under O.C.G.A. § 13-8-3(b). Specifically, Edwards alleged she is "entitled to *all money collected by* [YSI] on Pulsz.com from Georgia resident*s* within the four years preceding the filing of the case to be split with the educational fund of her home county. . . ." (italics added).

---

[2] Contrary to the allegations made by Edwards, the Pulsz games do not offer real money gambling opportunities. Pulsz users are not required to purchase the virtual Gold Coins used in the Pulsz games and may play for free. Nor do users win anything of value by using the Gold Coins to play virtual games on Pulsz.com.

No purchase is ever required to access the services or play games on Pulsz.com.

Users may, but are not required to, purchase additional virtual Gold Coins in order to block advertisements, unlock gaming content and enhance their entertainment by playing such content with greater numbers of coins.

And contrary to the allegations made by Edwards, it is not ever necessary for a user to purchase Gold Coins to continue playing, as Pulsz awards Gold Coins to users at regular intervals such as log in and otherwise provides for continuous play where a user "runs out" of Gold Coins.

Gold Coins have no value and may not be sold or transferred by users. Users may not sell or transfer their Accounts, and are prohibited from sharing passwords or access to their accounts. As made clear by the TOU, Gold Coins are intellectual property owned by YSI, and users are granted a license solely to use them on the website to play the games.

Nor is YSI a "winner" for purposes of O.C.G.A. § 13-8-3(b). YSI does not risk or stake anything or partake in any wager. If a user purchases Gold Coins, YSI is entitled to keep all of the amount of payment and cannot lose or win anything.

28. On February 28, 2023, YSI sent a letter to Edwards informing counsel that the representative portion of Edwards' claim was in violation of the parties' arbitration agreement and demanded that Edwards withdraw that representative claim with prejudice.

29. On March 9, 2023, YSI informed the AAA via written communication that the representative portion of Edwards claim was in violation of the parties' arbitration agreement and informed the AAA that in order to proceed Edwards claim must be limited to Edwards' individual claim.

30. Edwards responded that same day, stating that "this case is ready for an arbitrator to be appointed, it is not a class or representative action forbidden by the YSI terms and conditions, and the case should be administered under the AAA Consumer Arbitration Rules, and not the Supplementary Procedures for Class Arbitrations."

31. On March 13, 2023, Edwards filed an Amended Demand for Arbitration ("Amended Demand"). The amendments made changes to the Demand, but did not resolve any of the issues raised by YSI because Edwards persisted in seeking a recovery based upon the alleged losses of others.

32. At the earliest opportunity, YSI will proceed with filing a Motion to Compel Individual Arbitration seeking an order from the Court requiring Edwards to arbitrate Edwards' claim on an individual basis.

**COUNT ONE**
**(Declaratory Judgment)**

33. YSI incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

34. The TOU is a valid and binding contract between YSI and Edwards.

35. Pursuant to the TOU, all of Edwards' claims and disputes with YSI are subject to arbitration on an *individual-only* basis.

36. Pursuant to the TOU, Edwards further agreed not to commence any type of class action, class arbitration, mass action, or other representative action or proceeding against YSI.

37. Pursuant to the TOU, Edwards is precluded from recovering other Georgia Pulsz players' damages from the past six months under the Georgia Loss Recovery Statute.

38. Edwards is therefore not entitled to assert, in arbitration or otherwise, claims other than those losses incurred by Edwards as an individual.

39. Edwards' assertion to recover losses of others is in violation of the TOU.

40. An actual and substantial controversy has arisen and exists between YSI and Edwards regarding their rights and obligations under the TOU, which controversy can be redressed by a judicial decision declaring the rights of the parties. The controversy is of sufficient immediacy to warrant declaratory relief under 28 U.S.C. § 2201.

41. As a direct and proximate result of Edwards' improper filing of a Demand and Amended Demand for Arbitration, YSI has been and continues to be irreparably harmed and damaged.

42. YSI seeks a declaration and order from this court that Edwards may only seek claims for Edwards' own losses under the TOU and must arbitrate such claims before the AAA.

## COUNT TWO
### (Specific Performance)

43. YSI incorporates by reference each of the foregoing paragraphs as if set forth fully herein.

44. The TOU is a valid and enforceable contract.

45. YSI has fully performed all of its obligations under the TOU to date, and is ready, willing, and able to continue so performing.

46. Edwards has breached the TOU by, among other things, bringing a representative claim against YSI in arbitration.

47. As set forth fully above, paragraph 16 of the TOU prohibits Edwards from bringing a representative claim against YSI.

48. Without specific performance, YSI has suffered and will continue to suffer irreparable harm, with no adequate remedy at law.

**WHEREFORE**, YSI seeks the following relief:

i. A declaratory judgment in favor of YSI and against Edwards finding that:

    a. Under the applicable arbitral agreement between Edwards and YSI Edwards waived any and all rights to bring a representative action against YSI;

    b. Edwards' action brought against YSI constitutes a representative action and is thus improperly brought pursuant to the TOU;

ii. An order declaring that Edwards specifically perform Edwards' obligations under the TOU and bring only an individual claim for Edwards' own alleged losses in arbitration;

iii. An award of costs of suit; and

iv. Such other relief as may be equitable and just.

Dated: March 28, 2023

Respectfully submitted,

DUANE MORRIS LLP

/s/ *Monté T. Squire*
Monté T. Squire (No. 4764)
Tracey E. Timlin (No. 6469)
1201 N. Market Street, Suite 501
Wilmington, DE 19801
Telephone: (302) 657-4900
MTSquire@duanemorris.com
TTimlin@duanemorris.com

William M. Gantz
(motion for admission *pro hac vice* forthcoming)
100 High Street, Suite 2400
Boston, MA 02110
Telephone: (857) 488-4200
BGantz@duanemorris.com

Walter A. Saurack
(motion for admission *pro hac vice* forthcoming)
230 Park Avenue, Suite 1130
New York, NY 10169
Telephone: (212) 818-9200
WASaurack@duanemorris.com

Courtney L. Baird
(motion for admission *pro hac vice* forthcoming)
750 B Street, Suite 2900
San Diego, CA 92101
Telephone: (619) 744-2200
CLBaird@duanemorris.com

*Counsel for Plaintiff Yellow Social Interactive Limited*